UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WINDELS MARX LANE & MITTENDORF, LLP
Rodman E. Honecker
rhonecker@windelsmarx.com
120 Albany Street Plaza
New Brunswick, New Jersey 08901

TUCKER ELLIS LLP
David J. Steele (*pro hac vice* pending)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hac vice* pending)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hac vice* pending)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Plaintiffs

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| COACHELLA MUSIC FESTIVAL, LLC, and GOLDENVOICE, LLC, | : : : | |
|  | : | Civil Action No. _____ |
| Plaintiffs, | : | |
|  | : | |
| v. | : | |
|  | : | |
| RAASHAUN CASEY a/k/a DJ ENVY, DJ ENVY, LLC, a NEW JERSEY LIMITED LIABILITY COMPANY, DJ ENVY AUTO, LLC, a NEW JERSEY LIMITED LIABILITY COMPANY, and DOES 1-20, | : : : : : : | |
|  | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## COMPLAINT AND JURY DEMAND

Plaintiffs Coachella Music Festival, LLC and Goldenvoice, LLC (collectively,

"Plaintiffs"), by and through their attorneys, Windels Marx Lane & Mittendorf, LLP and

Tucker Ellis LLP, complaining of defendants Raashaun Casey a/k/a DJ Envy ("Casey"), DJ Envy, LLC, DJ Envy Auto, LLC, and Does 1-20 (collectively, "Defendants"), seeks injunctive relief and damages as follows:

Plaintiffs allege as follows, upon actual knowledge with respect to themselves and their own acts, and on information and belief as to all other matters.

## NATURE OF ACTION

1.      This is an action for trademark and service mark infringement under the Lanham Act, 15 U.S.C. § 1114, trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), state and common law trademark infringement, and unfair competition. Plaintiffs seek a preliminary and permanent injunction enjoining Defendants from using and infringing upon Plaintiffs' federally registered trademarks and service marks, as well as for all available damages, reimbursement of attorneys' fees and costs, and such other relief as the Court may deem equitable and just.

2.      Held annually,[1] Plaintiffs' Coachella Valley Music & Arts Festival ("COACHELLA") is one of the most critically acclaimed music festivals in the world, with multiple bands, artists, food vendors, and stages. COACHELLA is a sold-out event which attracts hundreds of thousands of attendees to Southern California each April.

3.      Intentionally trading on the goodwill of Plaintiffs' famous COACHELLA festival, Defendants are attempting to operate their own car-themed event (which prominently features live music) named CARCHELLA.

---

[1] The COACHELLA festival was not held in person in 2020 and 2021 due to the COVID-19 pandemic; however, a virtual COACHELLA event was held instead, marketed as COUCHELLA. The COACHELLA festival is scheduled to return April 15-17, 2022 and April 22-24, 2022.

4.      The CARCHELLA event uses a mark with identical stylization as that of COACHELLA. The stylized CARCHELLA mark as used by Defendants in their promotional video (posted on Defendant's social media accounts), and the stylized COACHELLA mark used by Plaintiff are both depicted below:



5.      Like Plaintiffs' famous COACHELLA festival, Defendants' CARCHELLA event features numerous forms of music and entertainment. Defendants' first two CARCHELLA events were held in Atlanta, Georgia on July 3, 2021 and Atlantic City, New Jersey on August 14, 2021. Additionally, Defendants are advertising events in Detroit, Michigan on October 30, 2021 and in Miami, Florida on December 12, 2021.

6.      Plaintiffs have no objection to Defendants' holding their events, but Defendants must adopt and use an event name and mark that avoid a likelihood of consumer confusion and false association with Plaintiffs, Plaintiffs' COACHELLA festival, and the Coachella Marks. Despite repeated requests, Defendants have refused to adopt their own distinctive event name and mark. Accordingly, Plaintiffs have been forced to file this action to protect the COACHELLA trademarks and service marks from infringement and to protect the public from the likelihood of confusion and false association caused by Defendants.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

8.      This Court has supplemental jurisdiction over the State law claims set forth herein under 28 U.S.C. §§ 1338(b) and 1367(a).

9.      This Court has personal jurisdiction over Defendants because Defendants reside in New Jersey and because Defendants are conducting and soliciting business in New Jersey, and have substantial contacts within this district.

10.     Venue properly lies in this judicial district under 28 U.S.C. § 1391(b), because Defendants reside in this judicial district, a substantial part of the events giving rise to the claim are occurring and have occurred in New Jersey, and a substantial part of the property that is the subject of this action is situated here.

## PARTIES

11.     Plaintiff Coachella Music Festival, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business in Los Angeles, California. Coachella Music Festival, LLC owns the intellectual property rights to COACHELLA.

12.     Plaintiff Goldenvoice, LLC is a limited liability company organized and existing under the laws of the State of California, having a principal place of business in Los Angeles, California. Goldenvoice, LLC produces the COACHELLA festival.

13.     Defendant Raashaun Casey a/k/a DJ Envy is a resident of the State of New Jersey with his principal residence in Totowa, New Jersey.

14.     Defendant DJ Envy, LLC is a limited liability company organized and existing under the laws of the State of New Jersey.

15.     Defendant DJ Envy Auto, LLC is a limited liability company organized and existing under the laws of the State of New Jersey.

16.     Plaintiffs are not aware of the true names and capacities of Defendants named in this Complaint as Does 1-20, inclusive, and therefore bring this action against these Defendants

by such fictitious names. Plaintiffs will amend this Complaint to allege these Defendants' true names and capacities when ascertained.

17.     At all times material to this action, each of the Defendants was the agent, servant, employee, partner, *alter ego*, subsidiary, or joint venturer of each of the other Defendants, and the acts of each of the Defendants were in the scope of such relationship; in doing the acts and failing to act as alleged in this Complaint, each of the Defendants acted with the knowledge, permission, and the consent of each of the other Defendants; and, each of the Defendants aided and abetted the other Defendants in the acts or omissions alleged in this Complaint.

## FACTS COMMON TO ALL COUNTS

**A.     Plaintiffs' Coachella Music Festival, Trademarks, and Service Marks**

18.     Plaintiffs own and produce COACHELLA, one of the country's premier music and arts festivals. Printouts of several news stories about COACHELLA are attached to this Complaint as Exhibit 1. The caption from one photograph accompanying a story from CNN reads, "[a]n aerial view taken from a helicopter on Sunday shows how big the [2011] festival is."

19.     Held annually at the 78-acre Empire Polo Club in the beautiful Southern California desert, COACHELLA is one of the most critically acclaimed music festivals in the world.

20.     COACHELLA was first held in October 1999 and drew some 25,000 attendees into the California desert in Southern California. Over the years,[2] both COACHELLA's attendance and its prominence have grown. Attendance to the sold-out COACHELLA festival, aggregated over the multi-day event, is estimated at 750,000 attendees.

---

[2] COACHELLA was next held in April 2001 and has been held annually thereafter, except as mentioned above in 2020 and 2021, when the festival was postponed due to the COVID-19 pandemic.

21.     For the past several years when the festival has been held, tickets to COACHELLA sell out, and for the past few years typically sell out in about an hour. Tickets to the forthcoming 2022 COACHELLA festival have already sold out as well. Printouts of several news stories about COACHELLA selling out are attached to this Complaint as Exhibit 2.

22.     COACHELLA mixes some of the most groundbreaking artists from all genres of music along with a substantial selection of art installations from all over the world. COACHELLA attracts some of the world's biggest mega-stars to perform. The list of artists who have performed include: Beyoncé, Beastie Boys, Bjork, Coldplay, Daft Punk, Depeche Mode, Drake, Jane's Addiction, Jay-Z, Kanye West, Madonna, Nine Inch Nails, Oasis, Paul McCartney, Prince, Radiohead, Rage Against the Machine, Red Hot Chili Peppers, Roger Waters, The Cure, The Pixies, and Tool, to list only a very few.

23.     COACHELLA is about more than just music. The festival's venue also includes camping facilities for some 15,000 attendees (complete with a karaoke lounge and a general store), and an amazing selection of food and beverages from a wide range of restaurants. The festival also features an extensive art exhibit which includes many pieces of art (including sculpture and so-called "interactive" art). The music, the food, the art, and of course, the fellowship of other attendees, taken together, makes COACHELLA more than just a concert to attend—it truly is an experience.

24.     COACHELLA frequently includes exhibitions of cars at the festival. Photographs of COACHELLA car exhibitions are attached to this Complaint as Exhibit 3.

25.     Plaintiffs   own   and   operate   COACHELLA's   website,   available   at www.coachella.com. This website has received over 20 million page views in 2019 and hosted

nearly 8.5 million users over nearly 12 million sessions. Screen captures of Plaintiffs' website, available at www.coachella.com, are attached to this Complaint as Exhibit 4.[3]

26.     Plaintiffs also produce a mobile app for COACHELLA for use on iPhone / iPad and Android devices. Screen captures of Plaintiffs' app from iTunes and Google are attached to this Complaint as Exhibit 5.

27.     Plaintiffs extensively promote their COACHELLA festival through a variety of media, including via the Internet on its website, available at www.coachella.com, and on numerous social media sites including Facebook, Twitter, and Instagram, to list a few. Screen captures of Plaintiffs' Facebook, Twitter, and Instagram accounts are attached to this Complaint as Exhibit 6. As can be seen from Exhibit 6, Plaintiffs' Facebook page has over 2.2 million likes; their Twitter account is being followed by over 957,000 Twitter users; and their Instagram account is being followed by over 1.9 million Instagram users.

28.     Plaintiffs invested over $1 million in 2019[4] alone in media and related content to promote COACHELLA.

29.     An Internet search using the Google search engine for the term "COACHELLA music festival" provided over 1 million hits; a cursory review of the results shows nearly every hit was related to Plaintiffs' festival; and the first search result was to Plaintiffs' www.coachella.com website.

30.     Tracked online media impressions (advertisements) for COACHELLA from March 29, 2019 through May 3, 2019 exceeded 130 million impressions.

---

[3] Exhibit 4 consists of screen captures from Plaintiffs' 2021 website.

[4] This data is from most recent Coachella festival.

31.     Over 500 credentialed journalists, from print media, radio, television, and the Internet reported live from the 2019 COACHELLA festival. The journalists represented media outlets as diverse as Time, Billboard, and the BBC.

32.     Plaintiffs own the exclusive trademark and service mark rights to the distinctive COACHELLA trademark and service mark, having used the mark in connection with the festival and related goods and services since the first COACHELLA festival in 1999.

33.     Similarly, Plaintiffs own the exclusive trademark and service mark rights to the distinctive COACHELLA (stylized) trademark and service mark, having used the mark in connection with the festival and related goods and services since the first festival in 1999. A copy of the design mark is depicted below:

# COACHELLA

34.     Plaintiffs also own the exclusive trademark and service mark rights to the distinctive COACHELLA VALLEY MUSIC AND ARTS FESTIVAL trademark and service mark, having used the mark in connection with the festival and related goods and services since the first festival in 1999.

35.     Plaintiffs also own the exclusive trademark and service mark rights to the distinctive CHELLA trademark and service mark, which is frequently used to refer to COACHELLA and which Plaintiffs use in connection with a variety of goods and services, including the annual CHELLA concert.

36.     For example, at the commencement of the COVID-19 pandemic, Plaintiffs produced the April 2020 COUCHELLA event. COUCHELLA is a portmanteau of COUCH and CHELLA, and the event allowed fans to experience the COACHELLA festival at home via the streaming documentary *Coachella: 20 Years in the Desert*, which gave viewers an inside look at

COACHELLA and explored its history. COUCHELLA also provided behind-the-scenes stories and exclusive, never before seen footage from COACHELLA, as well as a number of performances by major artists.

37.     The COACHELLA, COACHELLA (stylized), CHELLA, COUCHELLA, and COACHELLA VALLEY MUSIC AND ARTS FESTIVAL marks are collectively referred to in this Complaint as "the COACHELLA Marks."

38.     Since 1999, Plaintiffs' use of the COACHELLA Marks has been extensive, continuous, and substantially exclusive.

39.     COACHELLA and the COACHELLA Marks have been the subject of extensive newspaper articles, magazine articles, television and Internet news stories. *See* Exhibits 1-2.

40.     Plaintiffs have made, and continue to make, a substantial investment of time, effort and expense in the production and promotion of COACHELLA and the COACHELLA Marks.

41.     The COACHELLA Marks are unique and distinctive and, as such, designate a single source of origin.

42.     As a result of Plaintiffs' efforts and use, the COACHELLA Marks have come to be recognized by the public and members of the trade as being associated exclusively with Plaintiffs and COACHELLA.

43.     Plaintiffs have entered into a very limited number of highly sought-after licenses to use the COACHELLA Marks.

44.     Similarly, Plaintiffs have entered into a limited number of official sponsorships of COACHELLA and have been highly selective regarding authorized or permitted use of the COACHELLA Marks by third parties.

45.     Several sponsorships have been with leading car manufacturers.

46.     Plaintiffs expend substantial effort and expense to protect the COACHELLA Marks' distinctiveness in the marketplace. Plaintiffs extensively police unauthorized use of the COACHELLA Marks and have sent countless cease and desist letters, and made countless telephone calls, to combat misuse or unauthorized use of the COACHELLA Marks.

47.     Plaintiffs have filed numerous domain name complaints to remedy the registration or use of identical or confusingly similar Internet domain names.

48.     Plaintiffs have filed numerous oppositions to other similar marks, including stopping several prior CARCHELLA events and applications to register the CARCHELLA mark.

49.     Based on Plaintiffs' use, including the use described herein, Plaintiffs own extensive common law trademark rights in the COACHELLA Marks.

50.     In addition to their extensive common law rights, Plaintiffs own numerous United States registrations for the COACHELLA Marks. Specifically, Plaintiffs own:

    A.      United States Service Mark Registration No. 3,196,119 for COACHELLA. This Registration is incontestable under 15 U.S.C. § 1065;

    B.      United States Trademark Registration No. 4,270,482 for COACHELLA. This Registration is incontestable under 15 U.S.C. § 1065;

    C.      United States Service Mark Registration No. 3,196,129 for COACHELLA (stylized). This Registration is incontestable under 15 U.S.C. § 1065;

    D.      United States Trademark Registration No. 4,266,400 for COACHELLA (stylized). This Registration is incontestable under 15 U.S.C. § 1065;

    E.      United States Trademark Registration No. 5,235,905 for COACHELLA;

    F.      United States Trademark Registration No. 5,235,903 for COACHELLA (stylized);

G.      United States Service Mark Registration No. 3,196,128 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL. This Registration is incontestable under 15 U.S.C. § 1065;

H.      United States Trademark Registration No. 3,965,563 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL. This Registration is incontestable under 15 U.S.C. § 1065;

I.      United States Trademark Registration No. 4,008,651 for COACHELLA VALLEY MUSIC AND ARTS FESTIVAL. This Registration is incontestable under 15 U.S.C. § 1065;

J.      United States Trademark Registration No. 5,075,233 for CHELLA

K.      United States Trademark Registration No. 5,520,063 for CHELLA; and

L.      United States Trademark Serial No. 90/455,016 for COUCHELLA.

The registration certificate for each registration as well as the application for COUCHELLA are attached to this Complaint as Exhibit 7.

51.     Having been widely promoted to the general public, and having exclusively identified Plaintiffs and their goods and services, the COACHELLA Marks symbolize the tremendous goodwill associated with Plaintiffs and Plaintiffs' festival.

52.     The COACHELLA Marks are a property right of incalculable value.

53.     The COACHELLA Marks have for many years enjoyed unquestionable fame as a result of the favorable general public acceptance and recognition.

**B.     Defendants' Business**

54.     Defendants operate and intend to operate car-themed entertainment events named CARCHELLA and using the mark CARCHELLA.

55.    Car exhibitions have been a core component of previous COACHELLA festivals, with a BMW exhibition in 2017 and Hyundai exhibitions at the venue and campgrounds in 2011 and 2012. *See* Exhibit 3.

56.    Music is a primary component of the CARCHELLA festival just as it is with the COACHELLA festival. The CARCHELLA festival features the same or similar genres of music performed at COACHELLA. CARCHELLA is marketed to a similar fan base as COACHELLA.

57.    Defendant Casey is a well-known disc jockey specializing in rap and hip hop music. Rap and hip hop music are performed at COACHELLA, and consumers who enjoy rap and hip hop music attend COACHELLA. Defendant Casey's advertising of CARCHELLA through the DJ Envy Instagram page directly competes with the COACHELLA festival's fan base, as rap and hip hop are some of the primary genres played at COACHELLA festivals.

58.    Additionally, Defendants prominently identify various celebrity guests whose cars will be exhibited at CARCHELLA events. These celebrities include music artists 2 Chainz, 50 Cent, French Montana, and Lil Uzi. *See* Exhibit 8. Each one of these artists has previously performed at COACHELLA festivals; collectively, the artists have performed in 2012, 2013, 2014, 2017, 2018, and 2019 at COACHELLA.

59.    Defendants also advertise CARCHELLA events to music fans through channels like the 103.5 The Beat radio station, an iHeartRadio station which plays R&B and hip hop music, genres which are frequently present at COACHELLA festivals.

60.    Defendants advertise the CARCHELLA event through a variety of social media sites including Facebook and Instagram, as well as event website Eventbrite. Screen captures of these sites are attached to this Complaint as Exhibit 9.

61.     In particular, defendants use the DJ Envy Instagram page to advertise the CARCHELLA events, including "#carchella" in the page's biography and frequently posting about the event.

62.     According to the CARCHELLA 7days7nights.com webpage, the CARCHELLA festival will feature "amusement rides, carnival games, and . . . cars from 50 Cent, French Montana, Lil Uzi, 2 Chainz, and more." *See* Exhibit 8.

63.     Defendants echo this statement on their Instagram pages. *See* Exhibit 9.

64.     According to the CARCHELLA Instagram page, Defendants have been accepting sponsors and vendors to take part in the CARCHELLA festival for a fee. *See* Exhibit 9.

65.     Defendants have also displayed on their promotional materials CARCHELLA in the same distinctive font as the COACHELLA (stylized) mark. Screen captures depicting such usage are attached as Exhibit 10.

66.     Defendants also use CARCHELLA on their social media accounts and as their social media handles. *See* Exhibit 9.

67.     The CARCHELLA festival is marketed to the same or similar consumers who attend or would attend COACHELLA.

68.     Defendants have gone to great lengths to imitate COACHELLA.

69.     Like COACHELLA, the CARCHELLA festival is an outdoor event featuring music and art.

70.     Defendants are not affiliated with Plaintiffs or with COACHELLA.

71.     Defendants are not licensed to use the COACHELLA Marks.

72.     Defendants had constructive notice of Plaintiffs rights in Plaintiffs' federally registered COACHELLA Marks under 15 U.S.C. § 1072.

73.     Defendants' use of CARCHELLA to market their festival was done with actual knowledge of the COACHELLA Marks.

74.     CARCHELLA is similar in sight, sound and meaning to the COACHELLA Marks.

75.     Defendants adopted and used CARCHELLA to market their festival because it is similar to the COACHELLA Marks.

76.     On or about September 8, 2021 Plaintiffs' counsel sent Defendants' attorney a cease and desist letter regarding Plaintiffs' rights in the COACHELLA Marks and Defendants' use of CARCHELLA for their competitive festival, thus providing actual notice to Defendants of Plaintiffs' rights in the COACHELLA Marks.

77.     Defendants continued to advertise and promote the CARCHELLA festival, even after receipt of this cease and desist letter.

78.     DJ Envy, LLC has also applied to register CARCHELLA as a trademark and service mark with the U.S. Patent and Trademark Office. These applications were assigned U.S. Serial Nos. 90/688,350 and 90/688,346.

79.     Plaintiffs have repeatedly requested that DJ Envy, LLC abandon its trademark and service mark applications for CARCHELLA and that it and its co-defendants cease all use of CARCHELLA or any similar designation, but it and its co-defendants have refused to do so.

C.     **Harm to Plaintiffs and the General Public**

80.     Defendants' unauthorized use of the CARCHELLA, or any similar designation thereto, creates a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Defendants' event, and is likely to falsely suggest a sponsorship, connection, license, or association of Defendants with Plaintiffs.

81.     Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the COACHELLA Marks.

{11965185;1}                                    -14-

82.     Defendants' activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an inherent interest in being free from confusion, mistake, and deception.

## COUNT ONE
### (Infringement of Federally Registered Trademarks and Service Marks Under 15 U.S.C § 1114)

83.     Plaintiffs reallege and incorporate by reference each of the allegations contained in each of the proceeding paragraphs of this Complaint as if fully set forth herein.

84.     Defendants' use in commerce of the COACHELLA Marks and variations thereof is likely to cause confusion, mistake, or to deceive.

85.     The above-described acts of Defendants constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Plaintiffs to relief.

86.     Defendants have unfairly profited from the trademark infringement alleged.

87.     By reason of Defendants' acts of trademark infringement, Plaintiffs have suffered damage to the goodwill associated with the COACHELLA Marks.

88.     Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and their federally registered trademarks.

89.     Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

90.     By reason of Defendants' acts, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to entry of a temporary restraining order against Defendants and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

91.     By reason of Defendants' willful acts of trademark infringement, Plaintiffs are entitled to damages, and they are entitled to have those damages trebled under 15 U.S.C. § 1117.

92.     This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**COUNT TWO**
**(Trademark and Service Mark Infringement and**
**False Designation of Origin Under 15 U.S.C. § 1125(a))**

93.     Plaintiffs reallege and incorporate by reference each of the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

94.     Defendants' use in commerce of the COACHELLA Marks and variations thereof is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendants' goods or services are authorized, sponsored or approved by or are affiliated with Plaintiffs.

95.     The above-described acts of Defendants constitute trademark infringement of the COACHELLA Marks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiffs to relief.

96.     Defendants have unfairly profited from the actions alleged.

97.     By reason of the above-described acts of Defendants, Plaintiffs have suffered damage to the goodwill associated with the COACHELLA Marks.

98.     The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiffs and the COACHELLA Marks.

99.     The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

100.    By reason of Defendants' acts, Plaintiffs' remedy at law is not adequate to compensate them for the injuries inflicted by Defendants. Accordingly, Plaintiffs are entitled to

entry of a temporary restraining order against Defendants and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

101.     Because the above-described acts of Defendants were willful, Plaintiffs are entitled to damages, and they are entitled to have those damages trebled under 15 U.S.C. § 1117.

102.     This is an exceptional case making Plaintiffs eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**COUNT THREE**
**(New Jersey Unfair Competition; N.J.S.A. 56:4-1, et seq.)**

103.     Plaintiffs reallege and incorporate by reference each of the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

104.     Defendants' use of the CARCHELLA name and mark in connection with providing music, art, and entertainment at an outdoor festival causes a likelihood of confusion or a misunderstanding as to the source, sponsorship, approval, affiliation, connection, and association of those services and products. Defendants' foregoing acts constitute deceptive trade practices and unfair competition in the conduct of trade and commerce in violation of state law, including New Jersey Statute § 56:4-1, *et seq.*

105.     Upon information and belief, Defendants' foregoing acts have been, and continue to be, willful and, deliberate, and have caused Plaintiffs damages.

106.     Plaintiffs have no adequate remedy at law.

**COUNT FOUR**
**(New Jersey Trademark Infringement; N.J.S.A. 56:3-13.16)**

107.     Plaintiffs reallege and incorporate by reference each of the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

108.     The foregoing acts of Defendant violate New Jersey Statute § 56:3-13.16 because they constitute use in commerce of Plaintiffs' marks in connection with the sale, offering for sale,

distribution, and advertising of goods and services in a manner likely to cause confusion, mistake, and deception as to the source or origin of the goods.

109.    Upon information and belief, Defendants' foregoing acts have been, and continue to be, willful, and deliberate, and have caused Plaintiffs damages.

110.    Plaintiffs have no adequate remedy at law.

## COUNT FIVE
### (Common Law Trademark, Service Mark and Trade Name Infringement and Unfair Competition)

111.    Plaintiffs reallege and incorporate by reference each of the allegations contained in each of the preceding paragraphs of this Complaint as if fully set forth herein.

112.    Defendants' aforesaid activities constitute unfair competition and an infringement of Plaintiffs' common law trade name, service marks, and trademarks owned by Plaintiffs as referred to herein, and have caused Plaintiffs damages.

113.    Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs request judgment as follows:

1.      That the Court enter a judgment against Defendants that Defendants have:

    a.    Infringed the rights of Plaintiffs in the COACHELLA Marks that have been federally registered in violation of 15 U.S.C. § 1114(1);

    b.    Infringed the rights of Plaintiffs in the COACHELLA Marks in violation of 15 U.S.C. § 1125(a);

    c.    Infringed the rights of Plaintiffs in the COACHELLA Marks in violation of New Jersey Trademark Infringement; N.J.S.A. 56:3-13.16; and

    d.    Engaged in unfair competition and deceptive acts and practices in violation of New Jersey Unfair Competition; N.J.S.A. 56:4-1, *et seq.* and New Jersey common law.

2.      That each of the above acts was willful.

3.      That the Court issue a temporary restraining order, preliminary injunction, and permanent injunction enjoining and restraining Defendants and their agents, servants, employees, and attorneys, and all other persons acting in concert or participation with Defendants, from:

   a.   Engaging in any infringing activity, including advertising, promoting, marketing, franchising, selling and offering for sale any goods or services in connection with the COACHELLA Marks or any similar mark, including but not limited to CARCHELLA;

   b.   Registering or seeking to register CARCHELLA, or any similar designation, as a trademark in the United States;

   c.   Registering, using, or trafficking in any domain name that is identical or confusingly similar to the COACHELLA Marks;

   d.   Engaging in any unfair competition with Plaintiffs; and

   e.   Engaging in any deceptive acts.

4.      That U.S. Serial Nos. 90/688,350 and 90/688,346 for CARCHELLA be refused registration by the U.S. Patent and Trademark Office.

5.      That Plaintiffs be awarded damages for Defendants' trademark infringement and unfair competition and that these damages be trebled due to Defendants' willfulness, in accordance with the provisions of 15 U.S.C. § 1117.

6.      That Plaintiffs be awarded all profits resulting from Defendants' infringement of Plaintiffs' rights and by means of Defendants' unfair competition with Plaintiffs.

7.      That Defendants be ordered to account for and disgorge to Plaintiffs all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of.

8.      That Plaintiffs be awarded an amount sufficient to reimburse Plaintiffs for the costs

of corrective advertising.

9.      For prejudgment interest on all infringement damages.

10.     That the Court award Plaintiffs their reasonable attorneys' fees pursuant to

15 U.S.C. § 1117, New Jersey law, and any other applicable provision of law.

11.     That the Court award Plaintiffs their costs of suit incurred herein.

12.     For such other or further relief as the Court may deem just and proper.


Attorneys for Plaintiffs

By:*/s/ Rodman E. Honecker*

WINDELS MARX LANE & MITTENDORF, LLP
Rodman E. Honecker
rhonecker@windelsmarx.com
120 Albany Street Plaza
New Brunswick, New Jersey 08901
Telephone: (732) 846-7600
Facsimile: (732) 846-8877

TUCKER ELLIS LLP
David J. Steele (*pro hack vice* pending)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hack vice* pending)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hack vice* pending)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Dated: September 27, 2021

{11965185:1}                                    -20-

## JURY DEMAND

Plaintiff demands a jury trial upon all issues so triable.

Dated: September 27, 2021

By: */s/ Rodman E. Honecker*

WINDELS MARX LANE & MITTENDORF, LLP
Rodman E. Honecker
rhonecker@windelsmarx.com
120 Albany Street Plaza
New Brunswick, New Jersey 08901
Telephone: (732) 846-7600
Facsimile: (732) 846-8877

TUCKER ELLIS LLP
David J. Steele (*pro hack vice* pending)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hack vice* pending)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hack vice* pending)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

I hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I hereby certify that the foregoing statements made by me are true. If any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 27, 2021

By: */s/ Rodman E. Honecker*

WINDELS MARX LANE & MITTENDORF, LLP
Rodman E. Honecker
rhonecker@windelsmarx.com
120 Albany Street Plaza
New Brunswick, New Jersey 08901
Telephone: (732) 846-7600
Facsimile: (732) 846-8877

TUCKER ELLIS LLP
David J. Steele (*pro hack vice* pending)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hack vice* pending)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hack vice* pending)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

## F.R. CIV. P. RULE 7.1(a) DISCLOSUSRE

Plaintiffs aver that CVM&AF, Inc., AEG Presents, LLC, Anschutz Entertainment Group, Inc., and The Anschutz Corporation are either their parent or child. No publicly held corporation owns 10% or more of any of these entity's stocks.

Dated: September 27, 2021

By: */s/ Rodman E. Honecker*

WINDELS MARX LANE & MITTENDORF, LLP
Rodman E. Honecker
rhonecker@windelsmarx.com
120 Albany Street Plaza
New Brunswick, New Jersey 08901
Telephone: (732) 846-7600
Facsimile: (732) 846-8877

TUCKER ELLIS LLP
David J. Steele (*pro hack vice* pending)
david.steele@tuckerellis.com
Howard A. Kroll (*pro hack vice* pending)
howard.kroll@tuckerellis.com
Steven E. Lauridsen (*pro hack vice* pending)
steven.lauridsen@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409